IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DONALD RAY BELUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:13-cv-0699-KOB-JEO |
| | ) | |
| JOHN R. BENN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on November 25, 2013, recommending that the court dismiss this § 1983 action pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted. (Doc. 8). The plaintiff filed objections to the report and recommendation on December 9, 2013. (Doc. 9).

The plaintiff objects to the magistrate judge recommending that his claims against his attorney be dismissed. The plaintiff continues to complain that his trial attorney failed to obtain his military records that would have shown his correct blood type and proven his innocence. The plaintiff adds that his appellate attorney had no problem getting those records. (Doc. 9).

To state a claim under § 1983, as the magistrate judge explained, the defendant must act under color of state law. 42 U.S.C. § 1983. A private attorney representing a defendant in a criminal case does not act "under color of state law." (Doc. 8). As such, a private attorney cannot be liable in an action brought under 42 U.S.C. § 1983 absent specifically pled facts showing a conspiracy between the attorney and public officials, thereby, fairly casting the imprimatur of the state on the attorney's acts. *Polk County v. Dodson*, 454 U.S. 312 (1981). The plaintiff alleges that

the attorney conspired with four other people to deny him a fair trial, *but* the individuals with whom the attorney allegedly conspired also were *not* government officials.

The plaintiff also objects to the magistrate judge's recommendation that the conspiracy claim be dismissed. The plaintiff argues that his attorney, the attorney's secretary, phlebotomist Cindy Bonds, and Sheila Renfroe conspired to deny him a fair trial and adequate legal representation. Even though the plaintiff claims that a conspiracy existed, he has failed to submit any evidence that these individuals agreed to act in such a way as to deny the plaintiff his constitutional rights to a fair trial. *See Bailey v. Bd. of County Comm'rs of Alachua County*, 956 F.2d 1112, 1122 (11th Cir. 1992).

The court has carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the plaintiff's objections. The court ADOPTS the magistrate judge's report and ACCEPTS his recommendation that the court dismiss this action. Accordingly, the court finds that the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

The court will enter a separate Final Judgment Order.

DONE and ORDERED this 17th day of March, 2014.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE